IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE NORFLEET, Sr., | * | |
| Appellant, | * | |
| v. | * | CV 118-015 |
| | * | (Bankr. Case No. 17-11945) |
| FULCHER EXCHANGE, LLC, | * | |
| Appellee. | * | |

**O R D E R**

On January 22, 2018, this Court received notice that Appellant had filed a notice of appeal with regards to an Order issued by the United States Bankruptcy Court for the Southern District of Georgia in the matter of <u>In re Robert Lee Norfleet, Sr.</u>, Case No. 17-11945 (Bankr. S.D. Ga. dismissed Jan. 25, 2018) (the "Bankruptcy Action"). (Doc. 1.) Contemporaneously therewith, this Court received notice that Appellant had failed to pay the relevant appeal filing fee to the Clerk of the Bankruptcy Court. (<u>See</u> Doc. 1-5.) Appellant subsequently paid the appeal filing fee to the Clerk of the Bankruptcy Court on or about January 25, 2018. (<u>See</u> Doc. 2-1, at 7-8.)

On February 22, 2018, both the Clerk of the Bankruptcy Court and the Clerk of this Court docketed notice - and provided notice to Appellant via U.S. mail - that the record on Appeal

had been transmitted to this Court. (See Doc. 2; Bankruptcy Action, Docs. 37, 38.) Appellant's initial brief in this matter would therefore otherwise have been due on or before Monday, March 26, 2018. See FED. R. BANKR. P. 8018(a)(1). Because of Appellant's failure to take certain steps necessary to prosecute this appeal,[1] however, a courtesy notice regarding the briefing deadlines in this matter was not generated. (See Doc. 3, at 2.) Accordingly, out of an abundance of caution, the Court issued an Order on March 23, 2018, in which it extended the deadline for Appellant to file his initial brief through the close of business on April 9, 2018. (Id. at 3.) The Court explicitly warned Appellant that his "failure to timely file his forthcoming initial appeal brief will be considered a showing of bad faith, negligence, and/or indifference and may result in the dismissal of this appeal with prejudice without further notice."

---

[1] More specifically, Appellant failed to: (i) file a designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal as required by Federal Rule of Bankruptcy Procedure 8009(a)(1); and (ii) order in writing a transcript of the relevant proceedings from the Bankruptcy Court's reporter and file a copy of such written order with the Clerk of the Bankruptcy Court (or file therewith a certificate stating that Appellant is not ordering a transcript) as required by Federal Rule of Bankruptcy Procedure 8009(b)(1). (See Docs. 2, 2-1.) Appellant's failures occurred despite the Clerk of the Bankruptcy Court having provided notice to Appellant on January 19, 2018, regarding his obligations to: (i) "file a Designation of Items to be included in the record on appeal and a Statement of Issues to be presented"; and (ii) "file a written request for the transcript [of relevant proceedings] and make satisfactory arrangements for payment of its cost" or, "if no transcript is to be included, . . . file a certificate stating that no transcript is being ordered." (Doc. 1-3.) Notably, the Order appealed from is based, at least in part, upon a hearing held by the Bankruptcy Court on January 17, 2019. (See Doc. 1-1 (notice of appeal); Doc. 1-2 (Bankruptcy Court's Order dated January 19, 2018 noting it is based in part "on the record at the hearing held January 17, 2018"); see also Doc. 2-1, at 6 (identifying hearing held on January 17, 2018).)

On March 27, 2018, the Court received notice that the Clerk's mailing of the Order dated March 23, 2018 to Appellant at his address of record had been returned to the Clerk as "RETURN TO SENDER[,] NOT DELIVERABLE AS ADDRESSED[,] UNABLE TO FORWARD[.]" (Doc. 4, at 5.)

To date, Appellant has failed to: (a) file his response to initial appeal brief; (b) seek an extension of time to do so; or (c) otherwise communicate to the Court his intent to pursue this appeal. Accordingly, the Court finds that, other than the filing of his notice of appeal, Appellant has made no effort to comply with relevant law or prosecute his appeal. Further, in contravention of Local Rule 11.1, Appellant has failed to "apprise the Court of any address change." LR 11.1, SDGa. Accordingly, the Court concludes that Appellant's failure to file his initial brief, keep the Court informed of his present address, and otherwise prosecute this appeal are the result of his bad faith, negligence, or indifference to the timely resolution of this matter.[2] See Lawrence v. Educ. Credit Mgmt. Corp., 522 F. App'x 836, 839 (11th Cir. 2013) ("[D]ismissal

---

[2] Tellingly, the instant appeal arose from the Bankruptcy Court's dismissal of the Bankruptcy Action for Appellant's "bad faith filing" and "failure to take the required credit counseling pre-petition." (See Doc. 1-2, at 2-3.) Indeed, in the motion to dismiss that precipitated the dismissal of the Bankruptcy Action, Appellee asserts that Appellant's ultimate purpose in initiating the Bankruptcy Action - as well as Appellant's actions in other proceedings between Appellant and Appellee in state court, including numerous frivolous "bare-bones" appeals in those state court proceedings - was to frustrate Appellee's efforts to dispossess Appellant of real property purchased by Appellee out of foreclosure on March 7, 2017. (See Bankruptcy Action, Doc. 9.)

typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." (quoting <u>In re Beverly Mfg. Corp.</u>, 778 F.2d 666, 667 (11th Cir. 1985)); <u>see also</u> Fed. R. Bankr. P. 8018(a)(4) ("If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal--or the district court or BAP, after notice, may dismiss the appeal on its own motion.").

Accordingly, upon the foregoing and due consideration, **IT IS HEREBY ORDERED** that the instant appeal is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this ___10th___ day of April, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA